JOHN E. O'NEIL v. ROBERT FREEMAN ET AL., EXECUTORS.

Section 66 of the Orphans' Court act gives the right of suit against the personal representative only after final settlement in the court where the account must be passed.

O'Neil v. Freeman.

In case.   On demurrer to replications

Argued at February Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and PARKER.

For the plaintiff, *Chas. W. Kimball.*

For the defendants, *Cross, Bergen & Noe.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The declaration contains a special count under the third section of the Mechanics' Lien law, and also the common money counts.   Among the pleas filed by the defendants is one setting up a decree of the Orphans' Court barring creditors, and the failure of the plaintiff to present his claim within the limited time.   To this plea the plaintiff filed two replications; the first setting up that the defendants, at the commencement of this suit, had and still have in their hands and under their control as executors, assets belonging to the estate of said Elizabeth A. Freeman, deceased, which have not been administered upon and have not been distributed, and which are not and have not been attached in their hands, and which are legally and properly applicable to the payment of plaintiff's said damages; the second that the defendants, at the commencement of this action, had and still have sufficient goods and chattels, lands, tenements and hereditaments, by bequest and devise from said Elizabeth A. Freeman, wherewith they could and ought to have satisfied the said claim of the plaintiff.

To these replications the defendants have demurred.

To sustain his replication the plaintiff relies upon section 66 of the Orphans' Court act, which provides that "Any legacy or distributive share which shall not have been attached in the hands of the executor or administrator, or paid over to the person entitled to the same, shall, notwithstanding such decree in bar of creditors, be assets in the hands of the executor or administrator for the payment of a ratable proportion

of the debt or claim of any creditor who shall not have presented the same within the time limited ; but such creditor in any action to charge such' assets shall not recover any costs, and if judgment pass against him in such action he shall pay costs."

It is manifest that the suit against an executor or administrator, under this section, cannot be maintained until after final settlement.

The statute declares that a legacy or distributive share in the hands of the personal representative shall be assets to pay the creditor who has failed to present his claim.  But how will it appear that, after the payments of the debts and the commissions and costs of settlement of the estate, any residue will remain for distribution, or that there will be any balance applicable to the payment of legacies ?  That can be ascertained only by a final settlement of the executor's or administrator's account, a subject over which the court in which this suit is instituted has no jurisdiction.  This court could not submit to a jury the right to determine what sum must be appropriated to the payment of debts, to the claims of the executor and to commissions, for the purpose of arriving at the balance in hand.  Not only would a verdict in this case be inconclusive as to any other creditor who might sue, but it might be in excess of the sum found to remain in the executor's hands upon accounting in the Orphans' Court.  It is therefore clear that this section of the statute gives the right of suit only after final settlement in the court where the executor's account must be passed.  The terms "legacy and distributive share" necessarily imply a final settlement.  The first replication is faulty in failing to allege such final accounting, and an unpaid legacy or distributive share thereafter remaining in the executor's hands.

The averment in the second replication that the defendants have property in special trust to pay the debts of the testatrix, does not show that any greater duty is imposed upon these executors than that which attaches in all cases.  The obligation to pay the debts rests upon them as fully without

the provisions of the will. Creditors can claim no superior rights by reason of this clause in the will, nor are they thereby dispensed from the necessity of presenting their claims within the time limited by the rule to bar.

These replications furnish no sufficient answer to the defendants' plea and must be overruled, with costs.